IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Peter Koehn, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 50321 |
| | ) | |
| vs. | ) | |
| | ) | |
| Lauri Tobias, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons stated below, the parties' motions in limine are granted. Defendants' motion [144] to bifurcate is denied. A decision on whether and when to allow the introduction of evidence of defendants' net worth will be made at an appropriate time during trial.

**STATEMENT-OPINION**

Before the court are plaintiff's motion in limine to exclude evidence relating to determinations of the ISBE and the Department of Education dealing with plaintiff's allegations or complaints to these bodies, defendants' motion in limine No. 1 to exclude the testimony of plaintiff's expert witness and defendants' motion in limine No. 2 to exclude the introduction of, or any reference to, the opinion of the Seventh Circuit Court of Appeals reversing this court's grant of summary judgment. Also, before the court is the defendants' motion [144] to bifurcate the trial so that any determination of the amount of punitive damages be held in a second phase of trial only after the court concludes there is a legal basis for the award of punitive damages based on the findings of the jury in the first phase of trial.

Plaintiff's motion in limine is granted. The issue in this case is whether defendants Tobias and Segerston retaliated against plaintiff for his exercise of his free speech rights. That speech dealt with Segerston's compliance with special education laws. The decisions at issue were reached long after plaintiff's termination and, therefore, were not evidence Segerston or Tobias could have considered in taking any of the actions at issue in this case and are not relevant to determining the issues in this case. In opposing plaintiff's motion in limine, defendants argue introducing the decisions is necessary if plaintiff is allowed to introduce into evidence, over defendants objection, the December 3, 2010 and December 16, 2010 letters from the Department of Education-Office of Civil Rights ("OCR") informing defendants that OCR has determined it has the authority to investigate plaintiff's complaint of discrimination. However, even assuming for the sake of the motion in limine that those letters, or parts thereof, were to be admitted into

1

evidence, their admission would be for the limited purpose of showing plaintiff filed the complaints. The jury would be instructed as to this limited purpose. The court is not deciding at this point whether the letters, or parts thereof, are relevant evidence.

Therefore, evidence of the agencies' determinations is excluded as it is not relevant in that it is not of consequence in determining the action. Fed. R. Evid. 401(b). Even if the decisions could be considered relevant, the court would exclude their admission as creating a danger of confusing the issues that would outweigh any probative value the decisions arguably have. Fed. R. Evid. 403.

Defendants' motion in limine No. 1 is granted. The testimony of plaintiff's expert would not be helpful to the jury in deciding this case. Like the determinations of the ISBE and Department of Education excluded above, plaintiff's expert's opinion that special education laws were not complied with is irrelevant in that it is not of consequence in determining the action. Fed. R. Evid. 401(b). Neither the expert opinion nor the agency determinations help with deciding the issue whether plaintiff's speech rather than his job performance led to the action taken against him by Segerston and Tobias. Even if the expert's opinion could be considered relevant, the court would exclude its admission as creating a danger of confusing the issues which would outweigh any probative value the opinion of the expert may have. Fed. R. Evid. 403.

Defendants' motion in limine No. 2 is granted. Plaintiff concedes the Seventh Circuit opinion is not relevant evidence. He only proposed offering it in rebuttal if defendants introduced the ISBE and Department of Education decisions into evidence. That problem has been resolved by the court granting plaintiff's motion in limine and barring evidence of the agencies' decisions. The agency decisions will not be introduced into evidence so plaintiff's basis for seeking introduction of the Seventh Circuit opinion has been eliminated.

Defendants' motion to bifurcate is denied. Bifurcation is allowable when it is done to serve the interest of judicial economy or to prevent prejudice to a party. Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000). Defendants seek to have any consideration of punitive damages deferred to a second phase of trial only after the court determines there is a legal basis for the award of punitive damages based on the jury's findings in the first phase of trial. Such a procedure would unduly burden the jury by requiring them to deliberate once, reach a verdict and then receive more evidence and deliberate again. This is not in the interest of judicial economy and the court is unwilling to impose this additional burden on the jurors.

Defendants alternatively ask the court to defer admission of evidence of defendants' net worth until such time as the court concludes there is sufficient evidence submitted to support a claim for punitive damages. This is a reasonable request and plaintiff has not objected. A decision on whether and when to allow the introduction of evidence of defendants' net worth will be made at an appropriate time during trial.

For the foregoing reasons, the parties' motions in limine are granted. Defendants' motion [144] to bifurcate is denied. A decision on whether and when to allow the introduction of evidence of defendants' net worth will be made at an appropriate time during trial.

Date: 2/02/2016                    ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)