UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PETER KOEHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | NO: 12 cv 50321 |
| | ) | |
| LAURI TOBIAS and | ) | Judge Philip Reinhard |
| MARGARET SEGERSTEN, | ) | |
| | ) | Magistrate Judge Iain David Johnston |
| Defendants. | ) | |

## DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the Defendants, LAURI TOBIAS ("Tobias") and MARGARET SEGERSTEN ("Segersten"), by and through their attorneys, SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, and at the close of evidence offered by the Plaintiff, move this Honorable Court for judgment as a matter of law in favor of the Defendants and against the Plaintiff on his First Amended Complaint. In support of this Motion, Defendants state the following:

1. At issue in this case is the one remaining count of Plaintiff Peter Koehn's Amended Complaint. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants Tobias and Segerston attempted to deprive him of his First Amendment rights and retaliated against him thereafter for the exercise of those rights. The claimed retaliatory actions include: (1) subjecting Plaintiff to a Notice to Remedy his conduct and performance as a District 50 school psychologist; (2) which Notice to Remedy was unanimously voted upon by the Board of Education for District 50 on November 10, 2010; and ultimately (3) a unanimous decision by the Board of Education to terminate Plaintiff's contract of employment as a school psychologist.

Plaintiff claims that these deprivations were the direct result of Plaintiff's complaints to the Illinois State Board of Education ("ISBE"), the Office of Civil Rights ("OCR"), and the Harvard Community School District #50 Board of Education ("Board").

2. This Court's previous Orders during the lifespan of this case resulted in the dismissal of an ISBE employee sued in her individual capacity and all claims alleging some deprivation of Plaintiff's procedural due process rights. This Court's previous Order on Summary Judgment also dismissed the currently surviving claims, but the United States Court of Appeals for the Seventh Circuit vacated that portion of the Order, finding that a genuinely disputed question of fact precluded complete resolution at that stage of the litigation.

3. Now, at the close of the presentation of Plaintiff's case before the jury, it is clear that Plaintiff failed to present sufficient evidence to meet the burden of his First Amendment retaliation claims against Tobias and Segerston. Plaintiff bore the burden of proving by a preponderance of the evidence that (1) he engaged in some constitutionally protected activity; (2) he suffered some deprivation; and (3) that deprivation was at least partially motivated by his constitutionally protected activity. Plaintiff fails to meet the burden of this *prima facie* case. In the event that Plaintiff met this burden, Defendants proved that Plaintiff would not have been dismissed but for the protected activity, thereby defeating Plaintiff's claim.

4. Plaintiff's material and relevant conduct does not amount to expression protected by the First Amendment. The speech of government employees is only protected by the First Amendment if the speech is made as a citizen speaking on a matter of public concern and not pursuant to any official responsibilities. The evidence presented at trial unequivocally shows that Plaintiff's complaints to the ISBE, the OCR, and the Board were within the scope of Plaintiff's official job duties as a school psychologist. Moreover, even if Plaintiff's complaints

were made as a private citizen speaking on matters of public concern, the complaints are only protected by the First Amendment if Plaintiff's interest in making the complaints substantially outweighed Defendants' interests in promoting the efficient administration of the public school system, and specifically, the special education program. Because Plaintiff's private speech about matters of public concern was calculated to disrupt the efficiency of his employer, that speech was not protected by the First Amendment.

5. Furthermore, even if Plaintiff's alleged statements do merit First Amendment protection, Plaintiff has failed to prove that this constitutionally protected activity was a motivating factor of his discharge from District 50. Due to the absence of any direct evidence of action motivated by a retaliatory animus, Plaintiff previously relied on the suspicious timing of events in order to create the inference of motivating-factor causation. However, the evidence presented at trial demonstrated that Plaintiff was disciplined by Segersten for poor work performance immediately prior to Plaintiff's first alleged instance of protected speech. Therefore, Plaintiff failed as a matter of law to present circumstantial temporal evidence to support the inference of motivating-factor causation, nor could he produce direct evidence.

6. Even if Plaintiff met this initial burden under the causative element of his claim, the record is rife with evidence that suggests that Tobias and Segersten would have moved for Plaintiff's dismissal even if such protected activity had never occurred. Plaintiff was an insubordinate employee who maliciously and personally attacked any coworker who attempted to challenge his opinions or exercise authority over him pursuant to mandated chains-of-command. The evidence suggested that such behavior would warrant dismissal under established District policy. Moreover, the fact that Plaintiff was disciplined for his work performance immediately before his alleged protected speech cuts directly against Plaintiff's

3

assertion that the proffered legitimate reasons for Plaintiff's dismissal are pretextual. To the contrary, it suggests that Plaintiff was the party acting in a retaliatory fashion. No reasonable jury could find that Plaintiff's workplace conduct warranted continued employment. Therefore, Plaintiff has failed as a matter of law to meet his ultimate burden to prove that some constitutionally protected activity was the "but for" cause of his dismissal from employment.

7. Because the Plaintiff cannot meet the burden of his *prima facie* case, Defendants are entitled to a Judgment as a Matter of Law under Rule 50(a). Even when the evidence presented at trial is viewed in the light most favorable to Plaintiff, his complaints to the ISBE, the OCR, and the Board were no protected by the First Amendment, nor did they cause the claimed adverse employment actions taken against Plaintiff.

WHEREFORE, Defendants, LAURI TOBIAS and MARGARET SEGERSTEN are entitled to judgment as a matter of law in their favor and against Plaintiff on the remaining counts of his Amended Complaint pursuant to Federal Rule of Civil Procedure 50(a).

Respectfully Submitted,

        LAURI TOBIAS and
        MARGARET SEGERSTON

        By:   s/Michael E. Kujawa
            One of Their Attorneys

Michael E. Kujawa, ARDC #6244621
Deborah A. Ostvig, ARDC #6287031
SCHAIN, BANKS, KENNY & SCHWARTZ, LTD,
70 W. Madison Street, Suite 5300
Chicago, Illinois  60602
Phone:  (312) 345-5700
Fax:  (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com

K:\2901\TRIAL\MDV\Defendants' Rule 50 Motion for Judgment as a Matter of Law 06-08-2016.docx

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Rule 50 Motion for Judgment as a Matter of Law is served upon:

Laura McNally
321 North Clark Street, Suite 2300
Chicago, IL 60654
lmcnally@loeb.com


service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 70 W. Madison Street, Chicago, Illinois 60602, prior to 5:00 p.m. on the 8th day of June, 2016, with proper postage prepaid.

             s/Michael E. Kujawa


Michael E. Kujawa, ARDC #6244621
Deborah A. Ostvig, ARDC #6287031
SCHAIN, BANKS, KENNY & SCHWARTZ, LTD,
70 W. Madison Street, Suite 5300
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com