IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Peter Koehn, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 12 C 50321 |
| | ) | |
| vs. | ) | |
| | ) | |
| Lauri Tobias, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, defendants are ordered to pay plaintiff, within 30 days, the sum of $4,296.85 consisting of attorney's fees in the amount of $3,744.00 and costs in the amount of $552.85.

## STATEMENT-OPINION

On May 20, 2016, at the conclusion of a settlement conference, the court entered a minute order [172] stating "[a]t conclusion of the jury trial, counsel for the Plaintiff may submit a request for attorney fees and costs associated with the unnecessary settlement conference held based upon defense counsel's representations."  At a prior telephonic status hearing on May 13, 2016, the court inquired whether any settlement discussions had occurred since a settlement conference conducted by the magistrate judge last year and whether the parties thought having a settlement conference would be worthwhile.  Defense counsel (who was relatively new to the case) stated, based on his conversations with counsel who had previously been handling the case for defendants, that he believed a representative of defendants' insurer had spoken with plaintiff's counsel and inquired whether settlement in the range of $150,000 was possible and had been told by plaintiff's counsel that plaintiff was looking for substantially more than that.

At this point in the conversation (the May 13, 2016 status hearing conversation), plaintiff's counsel responded that she had never heard this figure ($150,000) before and, given this new information, thought a settlement conference could be fruitful.[1]  Defense counsel agreed

---

[1] Magistrate Judge Johnston had conducted a settlement conference on June 15, 2015. At that time, plaintiff was pro se.  Prior to that settlement conference, the magistrate judge appointed counsel for the limited purpose of assisting plaintiff with settlement.  When the case did not settle, the appearances of appointed settlement counsel were terminated [132] on July 1, 2015.  Shortly thereafter, on July 10, 2015, attorneys McNally and Stone entered their

1

that a settlement conference should be conducted. When the parties and counsel convened for the settlement conference on May 20, 2016, defendants did not make an offer in the range of $150,000 but instead offered less than half that amount – an amount in the range of what had previously been rejected by plaintiff at the settlement conference conducted by Magistrate Judge Johnston a year earlier. The case did not settle, went to trial and the jury returned a verdict for defendants on June 8, 2016.

Plaintiff has now filed a motion [185] for fees and costs associated with the May 20, 2016 settlement conference per the court's suggestion that he may do so. Attorney McNally submitted a declaration in support of the motion for fees and costs supporting fees in the amount of $3,744.00 and costs in the amount of $552.85. Defendants do not argue the fees or costs are excessive. Defendants contend that the court lacks the authority to order them to pay any fees or costs. Defendants argue there are three possible sources of authority for awarding attorney fees: 1) Fed. R. Civ. P. 16(f); 2) 28 U.S.C. § 1927; and 3) the court's inherent authority. Defendants contend both 28 U.S.C. § 1927 and the court's inherent authority require actions to have been taken in bad faith and that, here, there was no bad faith.

They maintain Fed. R. Civ. P. 16(f) allows the court to impose sanctions only if a party or his attorney fail to appear for a pretrial conference, appear but are substantially unprepared or do not participate in good faith, or fail to comply with a court order. Defendants argue that over the course of the time between the telephonic status conference and the settlement conference defense counsel evaluated their case and simply attempted to facilitate the best outcome for their clients. Defendants contend they and their counsel "altered the previous and uncertain representation of settlement authority to pursue the best interests of Defendants, not to mislead the Court or the Plaintiff, and certainly not in an attempt to abuse judicial process to gain a more favorable outcome." Defendants argue they appeared at the settlement conference with "full and discretionary authority but had new legal impressions and understandings about the reasonableness of Plaintiff's initial demand. Although this might be counter to Defendant's attempts to explain the status of settlement discussions during the pre-conference telephone conversation, this does not constitute noncompliance with a court order under Rule 16(f)(1)©."

Defendants mis-frame the issue. Defendants were certainly free to reevaluate their case after the telephonic status conference and decide they did not want to offer an amount in the range of $150,000. They were free to offer substantially less or nothing at all. The problem is not defendants' reevaluation but their failure to communicate the change to the court.

It was defendants' suggestion of a settlement possibility in the range of $150,000 that induced the court and the parties to schedule the settlement conference. Plaintiff's counsel, upon hearing that something in the $150,000 range might be on the table, stated she had not heard that figure before and, based on this information, which was new to her, that she believed a

---

appearances for plaintiff and (along with attorneys Cotiguala and DeVooght who later entered their appearances) represented plaintiff through trial.

settlement conference could be fruitful.  Knowing this, defendants were obligated to communicate to the court before the settlement conference that they had reevaluated and were unwilling to offer an amount in the $150,000 range.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The Advisory Committee Notes to the 1993 Amendment to Rule 1 states it is "the affirmative duty of the court to exercise the authority conferred by these rules to ensure civil litigation is resolved not only fairly, but also without undue cost or delay."  The Advisory Committee Notes to the 2015 Amendment to Rule 1 observe "the parties share the responsibility to employ the rules in the same way."

Rule 16 expressly identifies settlement as a matter on which the court "[a]t any pretrial conference . . . may consider and take appropriate action," Fed. R. Civ. P. 16(c)(2)(I).  The Advisory Committee Notes to the 1983 Amendment to Rule 16 ("1983 Notes") observe that it is not the purpose of the rule "to impose settlement negotiations on unwilling litigants" and that the "rule does not make settlement conferences mandatory because they would be a waste of time in many instances."  "Rule 16 . . . permits the imposition of sanctions where a party's failure to disclose its true settlement posture to the court in a timely fashion leads to unnecessary scheduling of settlement conferences and proceedings." Adams v. Corrections Corp. of America, No. 1:10-CV-259, 2011 WL 4974198, *3 (M.D. Pa. Oct. 19, 2011).  "[W]here a party's conduct consists of simply adopting a fixed, inflexible position in settlement talks, and that fixed position is timely communicated to others, sanctions are not appropriate." Id.  However, "Rule 16 demands candor of the parties in this setting.  It requires timely, fulsome and candid communication from parties, communications and candor which are essential to avoid unnecessary scheduling and pointless preparation for the parties and the court." Id.; see also, Karahuta v. Boardwalk Regency Corp., No. 06-4902, 2007 WL 2825722, *6 (E.D. Pa. Sept. 27, 2007) (ordering reimbursement of plaintiff's counsel fees and expenses incurred in holding a second settlement conference) ("Defendants, knowing that they did not possess any additional authority following the initial conference, should have notified the Court before the second conference of their position. . . . By their actions, Defendants wasted the limited time, financial resources and energies of the Court and Plaintiff.")

Timely, fulsome and candid communication from the defendants was lacking here which resulted in the holding of an unnecessary settlement conference and pointless preparation for plaintiff and the court.  Because it was defendants' suggestion of a settlement possibility in the range of $150,000 that induced the court and the parties to schedule the settlement conference in the first place, defendants' failure to timely advise the court that it was, in fact, not willing to consider settlement in this range caused plaintiff to incur attorneys fees and costs in "pointless preparation" for the settlement conference.  Rule 16(f) is the proper vehicle for sanctioning

3

defendants for this failure. Adams, 2011 WL 4974198 at *3.[2] Rule 16(f) sanctions do not require a finding of bad faith. Rahbarian v. Cawley, No. 2:10-CV-00767- TLN-KJN, 2013 WL 6271865, *5 (E.D. Cal. Dec. 4, 2013).

Rule 16(f)(2) provides "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." The court finds that the attorney's fees and costs incurred by plaintiff in preparing for and attending the settlement conference is a sufficient and appropriate sanction. These are the direct costs attributable to defendants' failure to communicate that they were unwilling to consider settlement in the $150,000 range. As noted above, defendants' have not objected to the reasonableness of the fees and costs incurred. Accordingly, pursuant to Fed. R. Civ. P. 16(f)(2) the court orders defendants to pay plaintiff the sum of $4,296.85 consisting of attorney's fees in the amount of $3,744.00 and costs in the amount of $552.85.

For the foregoing reasons, defendants are ordered to pay plaintiff, within 30 days, the sum of $4,296.85 consisting of attorney's fees in the amount of $3,744.00 and costs in the amount of $552.85.

Date: 8/23/2016　　　　　　　　　　　ENTER:

*Philip G. Reinhard*

United States District Court Judge

Notices mailed by Judicial Staff. (LC)

---

[2] Because Rule 16(f) is the appropriate vehicle for sanctioning defendants in these circumstances, the court will not discuss other possible grounds for sanctions including 28 U.S.C. § 1927 and the court's inherent authority.